**FILED**

**October 2, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:17 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Nesreen Boutros, | ) Docket No. 2016-06-0418 |
| Employee, | ) |
| v. | ) |
| Amazon, | ) State File No. 32833-2015 |
| Employer, | ) |
| And | ) |
| American Zurich Ins. Co., | ) Judge Kenneth M. Switzer |
| Carrier. | ) |
| | ) |

## EXPEDITED HEARING ORDER

The Court conducted an Expedited Hearing on September 26, 2018. The central issue is whether Ms. Boutros is likely to prove at trial that she is entitled to treatment from a provider other than Dr. Victor Isaac, the authorized treating physician. The Court holds she is not likely to do so. However, she is entitled to physical therapy and prescribed medicine, both ordered by Dr. Isaac, as well as continued medical treatment.

### History of Claim

This is Ms. Boutros' second expedited hearing. At the first hearing on September 20, 2016, the Court found that she worked without limitation for Amazon until the alleged date of injury, April 23, 2015. Amazon did not contest her testimony as to how the injury occurred, and the Court found her credible. The Court also found that her alleged injury was not a pre-existing condition, noting that the physician of Amazon's choosing, Dr. Jeffrey Hazlewood, concluded that her pain was "caused by work greater than 50%." The Court held, however, that Dr. Hazlewood was not an authorized physician because Ms. Boutros did not select him from a panel. Dr. Hazlewood placed her at maximum medical improvement, citing her no-shows to appointments. Ms. Boutros explained the opioids he prescribed made her too drowsy to drive. The last authorized physician, Dr. Kyle Joyner, referred her to a physiatrist. The Court ordered Amazon to offer a panel of physiatrists, and Amazon appealed. The Appeals Board

1

affirmed.

Amazon offered a panel, and Ms. Boutros chose Dr. Isaac. At her first visit in December 2016, Dr. Isaac's nurse practitioner assessed cervicalgia and disc disorder at C6-7 with radiculopathy. Over the next several visits, his office provided conservative care.

On June 22, 2017, Dr. Isaac referred Ms. Boutros to Dr. Damon Petty, an orthopedist, but Amazon did not authorize it. Dr. Isaac continued to refer her to Dr. Petty the next five visits, but Amazon took no steps to honor the referral. The Court set an Expedited Hearing for March 15, 2018, to address the issue, but Amazon agreed at a pre-hearing status conference to set the appointment.

In a similar turn of events, in July 2017, Dr. Isaac and/or his nurse practitioners ordered physical therapy. They repeated the recommendation six times through March 2018. Amazon finally approved it on March 23, 2018.

On December 4, 2017, Dr. Isaac signed a Final Medical Report stating "to a reasonable degree of medical certainty that [Ms. Boutros'] condition is primarily the result of a work injury." The report assigned no impairment rating. Dr. Isaac returned her to work with unspecified restrictions on January 2, 2018. He noted she was unable to work from date of injury until January 2, 2018; however, he left the date of maximum medical improvement blank. He answered "yes" to whether he anticipated the need for future treatment. Dr. Isaac's notes from a January 2018 visit confirmed that Ms. Boutros has not "had her MMI appt."

Ms. Boutros eventually saw Dr. Petty in April 2018. He labeled the visit an independent medical evaluation, although she was referred for evaluation and potential treatment of her shoulder. He diagnosed chronic supraspinatus tendinosis and a small bursal-sided tear that healed, which "may" be work-related. Dr. Petty also found lateral epicondylitis, unrelated to the work injury. He noted symptom magnification. He offered a subacromial injection, which Ms. Boutros refused. She testified she did so because she would be unable to use her arm after the injection to drive home.

Approximately one week later, in response to a letter from Amazon's counsel, Dr. Petty dictated an addendum. He concluded:

[H]er behavior is consistent with symptom magnification of the lingering [sic] as evidenced by her refusal to undergo a simple subacromial cortisone injection yesterday, despite her complaints alleging 2 years and 8 months of symptoms period [sic] after preclude her participation in the workforce. This is not consistent behavior. Therefore, I would agree with the assessment that she is at MMI that she had been given every opportunity to

2

be properly treated comprehensively for her alleged injury and that more likely than not the evidence I saw on the MRI was not generated at the time of the work-related injury.

The letter requesting his opinion does not state that any physician placed Ms. Boutros at maximum medical improvement. She stated she attempted to schedule a follow-up to undergo the injection, but Dr. Petty refused to see her. Ms. Boutros returned to Dr. Isaac for treatment and has another appointment in October.

Notes from her visit with Dr. Isaac's nurse practitioner dated May 16 stated that she has not begun physical therapy. Ms. Boutros testified that, after finally receiving the authorization, she scheduled the physical therapy to start almost a month later. However, before the appointment, the physical therapist's office telephoned to inform her that the authorization expired and canceled the appointment.

Dr. Isaac's notes additionally state that Ms. Boutros failed to fill her pain medication. She testified that she attempted to fill the prescription but was unable to do so because Amazon never provided her with the necessary documentation to present to the pharmacy. Ms. Boutros stated that the pharmacy tried to cover it under TennCare, but TennCare denied coverage since it relates to a work injury.

Dr. Isaac's notes do not place Ms. Boutros at maximum medical improvement, nor do they state that he refuses to treat her further.

Ms. Boutros filed this hearing request asking the Court for "compensation" so that she may choose a new physician independent from workers' compensation. She expressed frustration over the delays in authorizing Dr. Isaac's prescriptions and referrals, and she said her messages to the adjuster often go unreturned. Ms. Boutros still experiences pain and has trouble sleeping and performing housework. She contended that she looked for work, but no one will hire her while she is under restrictions. She feels her life is "stopped" due to the injury.

Amazon argued that the Court erred by ordering it to provide a panel after the first expedited hearing. It asked the Court to reverse its order for medical benefits. Amazon asked for an order terminating medical benefits based on Ms. Boutros' noncompliance. It noted a new adjuster is now handling her claim. Amazon pointed out that three physicians—Drs. Joyner, Hazlewood and Petty – have questioned whether Ms. Boutros' complaints are out of proportion to objective findings. Further, Amazon argued that Dr. Hazlewood placed her at maximum medical improvement, relying on a September 2016 record where he did so based on "non-compliancy." Dr. Hazlewood wrote, "It seems to me if she is having pain complaints that are as significant as she seems to indicate that she would not be no-showing[.]"

3

## Findings of Fact and Conclusions of Law

At an expedited hearing, Ms. Boutros has the burden to present sufficient evidence from which this Court can determine that she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

As an initial matter, Amazon argued Ms. Boutros' current symptoms are not related to the work injury since Dr. Petty, an orthopedist, did not believe they were. However, as the authorized treating physician, Dr. Isaac, a physiatrist, wrote on the Final Medical Report that "to a reasonable degree of medical certainty that [Ms. Boutros'] condition is primarily the result of a work injury." *See* Tenn. Code Ann. § 50-6-102(14). Dr. Isaac also wrote that she required further treatment, which he and his staff continue to provide. Since completing the Final Medical Report, his records contain no statements to the contrary. Dr. Isaac remains the authorized treating physician after Dr. Petty rejected Ms. Boutros as a patient.

Turning to Ms. Boutros' requested relief, she asked for "fair compensation for my injury, and suffering. I am asking for compensation sufficient for me to seek treatment cash [sic] at provider who has nothing to do with Amazon and work[ers'] compensation of any kind whatsoever."

The Workers' Compensation Law only provides compensation for temporary or permanent disability benefits; *see* Tenn. Code Ann. § 50-6-207. As for permanent benefits, the parties have not participated in post-discovery mediation, so a Dispute Certification Notice listing permanent disability benefits as an issue has yet to be issued. *See* Tenn. Code Ann. § 50-6-239(b)(1) ("[O]nly issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication."). Therefore, any request for permanent disability benefits is premature at this stage.

Regarding temporary disability benefits, "[I]n circumstances where the treating physician has released the injured worker to return to work with restrictions prior to maximum improvement, and the employer . . . cannot return the employee to work within the restrictions[,] . . . the injured worker may be eligible for temporary partial disability." *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *8 (Dec. 11, 2015). Here, Dr. Isaac placed Ms. Boutros under restrictions in the Final Medical Report, but he did not describe them. None of his notes mentions restrictions. Without further information, the Court cannot order temporary partial disability benefits at this time.

Concerning medical benefits, Amazon correctly argued that allowing Ms. Boutros to treat outside of workers' compensation is not an available remedy. Per the Appeals Board, "Tennessee courts have long held that the employer in a workers' compensation case generally has the right to control medical treatment, assuming that the employer has complied with the requirements of Tennessee Code Annotated section 50-6-204." *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *7 (Aug. 18, 2015).

The Court understands Ms. Boutros' frustration with Amazon and Dr. Isaac. Amazon delayed honoring referrals to physical therapy and an orthopedist for months on end without explanation. As for Dr. Isaac, Ms. Boutros selected him from a panel, but he appears to delegate the bulk of his treatment to nurse practitioners. Regardless, Ms. Boutros' dissatisfaction alone is not a recognized legal basis for this Court to order that Amazon provide a new panel. *See Baker v. Electrolux,* 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *9-10 (Oct. 20, 2017)("[W]hile Employee may be dissatisfied with her panel selection, she has pointed to no authority that would require Employer to provide another panel of physicians under the circumstances presented.")

In *Baker,* the employee sought a new panel because she did not like the way the authorized physician examined her, nor did she believe he was "thorough," although she agreed that he never refused to treat her. *Id.* at *3. The Court ordered the panel, but the Appeals Board reversed. Here, no evidence suggests that Dr. Isaac refused to provide additional treatment. In fact, Ms. Boutros has another appointment with him in October.

Amazon wishes to terminate Dr. Isaac's treatment based on Ms. Boutros' refusal to undergo injections and her failure to fill a prescription for pain medication. She explained that she refused the injection on that day because she had to drive herself home. Additionally, she testified that Amazon did not provide the necessary paperwork showing it would pay for the prescription, and therefore she could not fill it. The Court finds Ms. Boutros' explanations reasonable. Amazon's counsel stated repeatedly that it cannot "make" Ms. Boutros fill prescriptions or attend physical therapy. This argument ignores Amazon's own role in delaying authorizations and failing to provide her with the necessary documentation to fill the prescriptions. Therefore, the Court rejects Amazon's noncompliance argument.

Here, it is important to note that in both expedited hearings, Ms. Boutros was the only witness. The Court carefully observed her demeanor during these hearings. The Court has also conducted several telephone status conferences. Ms. Boutros is straightforward and earnest, and she tells the same story repeatedly with little variance. The Court finds her credible.

In contrast, Amazon presented no witnesses. Instead, it relied on assumptions and credibility decisions from Drs. Petty, Joyner and Hazlewood to argue its positions.

5

Notably, on the evidence at this hearing, the Court finds nothing in Dr. Joyner's record questioning Ms. Boutros' veracity. More importantly, the doctors' opinions in that regard are subjective. The Court accepts Ms. Boutros' explanation of why she refused an injection over Dr. Petty's speculation that her decision was inconsistent with her complaints. His additional conclusions regarding causation are clouded by this incorrect assessment of her motivations. For that reason, the Court rejects his opinions on treatment, causation and maximum medical improvement.

Amazon contended it provided all the medical benefits to which Ms. Boutros is entitled. Again, the Court is unpersuaded. While Dr. Hazlewood placed her at maximum medical improvement in 2016, his motivation for placing her at maximum medical improvement is because she was a "no show" for appointments. She adequately explained at the first hearing that the opioids he prescribed made her too drowsy to drive.

Meanwhile, Dr. Isaac's records contain no reference to Ms. Boutros reaching maximum medical improvement nor a refusal to treat her. In fact, the Final Medical Report is left blank regarding a date of maximum medical improvement and states that she requires additional treatment. Further, Dr. Isaac's notes from January 2018 said that Ms. Boutros has not "had her MMI appt." Tennessee Code Annotated section 50-6-204(a)(1)(A) states that the employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Amazon gave no plausible reason for this Court to relieve it of this obligation. Its requested reversal of the previous expedited hearing order and an order terminating medical benefits is denied.

In conclusion, Ms. Boutros is likely to prevail at a hearing on the merits regarding her entitlement to further medical benefits with Dr. Isaac.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon or its workers' compensation carrier shall provide additional medical treatment with Dr. Isaac until Ms. Boutros reaches maximum medical improvement or returns to work. Further, Amazon shall re-authorize physical therapy and provide prescribed medication.

2. This case is set for a status conference on **December 3, 2018, at 10:00 a.m. Central. You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call may result in a determination of the issues without your participation.**

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

6

The Insurer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED October 2, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claim**

**APPENDIX**

Exhibits:
1. Affidavit of Nesreen Boutros
2. Compilation medical records
3. Additional medical records (stipulated at the hearing)
4. Dr. Talley/physical therapy records, 2016 (identification only)
5. Amazon performance evaluations
6. Email from Amazon to its adjuster (identification only)
7. First Report of Injury/Associate First Report of Injury
8. Transcript of February 6, 2018 status conference (Identification only)[1]
9. Transcript of March 5, 2018 status conference (Identification only)
10. Transcript of May 21, 2018 status conference (Identification only)
11. Physical therapy authorization

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Expedited Hearing Order
4. Appeals Board Order
5. Scheduling Hearing Order
6. Request for Expedited Hearing
7. Employer's Prehearing Brief
8. Employer's Prehearing Witness and Exhibit List

---

[1] The Court accepted Exhibits 8 through 10 into evidence at the hearing but on further reflection qualifies that they are admitted for identification only on grounds of relevance. The transcripts do not have any tendency to make any fact more or less probable because they do not contain testimony but solely argument.

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on October 2, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Nesreen Boutros, self-represented Employee | x | | x | Nesreen.boutros@yahoo.com; 1039 Willoughby Station Blvd. Mt. Juliet TN 37122 |
| Troy Hart, Tiffany Sherrill, Employer's Counsel | | | x | wth@mijs.com; tbsherrill@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov